PER CURIAM.
The Florida Bar Traffic Court Rules Committee (rules committee) has filed its regular-cycle report of proposed amendments to the Florida Rules of Traffic Court. See Fla. R. Jud. Admin. 2.130(c). We have jurisdiction. See art. V, § 2(a), Fla. Const.
The rules committee has proposed three substantive amendments to Florida Rule of Traffic Court 6.630, entitled “Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers.” The first amends subdivision (g) to require that traffic hearing officers receive a certain number of hours of approved training in specified subjects. The second creates a new subdivision (h) to require continuing legal education for traffic hearing officers as required by section 318.34, Florida Statutes (2001). The third amends subdivision (i) (renumbered as subdivision (j)) to adopt the language of the Code of Judicial Conduct that limits the prohibition on a traffic hearing officer’s practice of law to only the county or counties in which the traffic hearing officer presides.
The rules committee’s proposals were unanimously approved by the Board of *1240 Governors of The Florida Bar and were published for comment in the March 1, 2002, issue of The Florida Bar News. No comments were received.
We have reviewed the proposed amendments and adopt them as submitted and set forth in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2003, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
APPENDIX
RULE 6.630. CIVIL TRAFFIC INFRACTION HEARING OFFICER PROGRAM; TRAFFIC HEARING OFFICERS
Pursuant toUnder the authority of sections 318.30 — 318.38, Florida Statutes, and article V, section 2, Florida Constitution, this court adopts the following rules and procedure for the Civil Traffic Infraction Hearing Officer Program:
(a) Eligibility of County. Pursuant to section 318.30, Florida Statutes, any county shall be eligible to participate in the Civil Traffic Infraction Hearing Officer Program.
(b) Participation. Any county electing to participate in the program shall be subject to the supervision of the Florida Supreme Court. The decision on whether to participate shall be made by the chief judge.
(c) Appointment of Traffic Hearing Officers. The appointment of such hearing officers shall be made by the chief judge, after consultation with the county judges in the county affected, and shall be approved by the chief justice. Once approval has been granted by the chief justice, the traffic hearing officers shall serve at the will of the chief judge.
(d) Jurisdiction. Traffic hearing officers shall have the power to accept pleas from defendants, hear and rule upon motions, decide whether a defendant has committed an infraction, and adjudicate or withhold adjudication in the same manner as a county court judge. However, a traffic hearing officer shall not:
(1) have the power to hold any person in contempt of court, but shall be permitted to file a verified motion for order of contempt with an appropriate state trial court judge pursuant to Florida Rule of Criminal Procedure 3.840;
(2) hear a case involving an accident resulting in injury or death; or
(3) hear a criminal traffic offense case or a case involving a civil traffic infraction issued in conjunction with a criminal traffic offense.
(e) Appeals. Appeals from decisions of a traffic hearing officer shall be to circuit court pursuant to the relevant provisions of the Florida Rules of Appellate Procedure in the same manner as appeals from the county court, except that traffic hearing officers shall not have the power to certify questions to district courts of appeal. The appellant shall be responsible for producing the record for such appeal.
(f) Membership in The Florida Bar. A traffic hearing officer shall be a member in good standing of The Florida Bar.
(g) Training. Traffic hearing officers shall be required tomust complete 40 hours of standardized training that has been approved by the supreme court. Instructors must be county court judges. *1241 hearing officers, and persons with expertise or knowledge with regard to specific traffic violations or traffic court. Curriculum and materials must be submitted to the Office of the State Courts Administrator. The standardized training must contain, at a minimum, all of the following:
(1) 28 hours of lecture sessions including 2.5 hours of ethics, 5 hours of courtroom procedure and control, 11 hours of basic traffic court law and evidence, 3 hours of clerk’s office/DMV training, 2 hours of participant perspective sessions/demonstrations, 3 hours, of dispositions/penalties, and 1.5 hours of civil infractions/jurisdiction;
(2) 4 hours of role playing including mock opening statements, pretrial and trial sessions, and direct observation;
(3) 4 hours of observation including 2 hours of on-road observation of traffic enforcement;
(4) 4 hours of mentored participation in traffic court proceedings in the hiring county. Mentors must be county court judges or traffic hearing officers; and
(5) written training manuals for reference.
(h) Continuing Legal Education. Traffic hearing officers must complete 4 hours of continuing legal education per year. The continuing legal education program must be approved by the supreme court and must contain a minimum of 2 hours of ethics or professionalism. Curriculum materials must be submitted to the Office of the State Courts Administrator.
(hi) Hours. Traffic hearing officers may serve either full time or part time at the discretion of the chief judge.
(ij) Code of Judicial Conduct. All traffic hearing officers shall be subject to the Code of Judicial Conduct in-the same-manner as part-time judges, - except-that they shahr-he- exempt from Canon 6B and C and the first portion of-provision A(2) of the compliance section-of the code,-which prohibits--a-part-time judge from practicing in the-court on which the judge serves or in any court subject to the appellate jurisdiction— ef the court on -which the judge serves. — Whether full-time or part-time^ traffic hearing officers shall be prohibited from representing clients- or practicing before any official in any-county court ■traffic matter or-from representing any-client appealing-any county-eourt traffic decisio-nas provided in the application section of the code.
(j-k) Implementation of Program. In any county electing to establish a program, the chief judge shall develop a plan for its implementation and shall submit the plan to the Office of the State Courts Administrator. Funds for the program shall be used for traffic hearing officer program salaries, provided that the traffic hearing officers shall be paid no more than $50 per hour, and other necessary expenses, such as training, office rental, furniture, and administrative staff salaries. Any county electing to establish a traffic hearing officer program shall provide the funds necessary to operate the program.
(k l) Robes. Traffic hearing officers shall not wear robes. ■
(l m) Concurrent Jurisdiction. A county judge may exercise concurrent jurisdiction with a traffic hearing officer.
(mn) Assignment to County Judge. On written request of the defendant, within 30 days of the issuance of the uniform traffic citation, the case shall be assigned to a county judge.
Committee Notes
1990 Adoption. The rule attempts to incorporate relevant provisions of chapter *1242 89-337, Laws of Florida, with minor modifications.
The provision in subdivision (c) that the traffic magistrate shall serve at the will of the chief judge is implicit in chapter 89-337, and is believed to be a good policy since it makes irrelevant consideration of the necessity of any involvement by the Judicial Qualifications Commission.
(d)(1) See 1990 Committee Note concerning rule 6.080.
In relation to subdivision (e) on appeals, the subcommittee believes that the addition of the language on the certifications to district courts, while making an obvious point, would avoid any possible confusion. It was also the consensus that there would be no need to recommend amendments to the Florida Rules of Appellate Procedure since rules 9.030(b)(4)(A) and 9.030(c)(1)(A) would appear to cover the matter adequately without further amendment.
Subdivision (g) goes into less detail concerning the actual length of training (40 hours preservice/10 hours continuing) required by chapter 89-337. A special plan for such training will be provided separately, including a recommendation for the waiver of such training for recently retired county court judges.
This rule expands the statutory prohibition of chapter 89-337, section 7, which prohibits traffic magistrates from practicing before other civil traffic magistrates and handling traffic appeals. The committee expressed concern that a limited prohibition extending only to practice before other magistrates might be read as condoning magistrate practice in traffic cases in front of county court judges. Given the contemplated relationship between county court judges and magistrates in education, training, and professional duties, such practice would give the appearance of conflict and should be prohibited.
In relation to subdivision (k), it was the opinion of the subcommittee that the wearing of robes might lead to confusion and interfere with the informal setting of the hearings.
1990 Amendment. Amendment of section 318.30, Florida Statutes (1990), reduced the case load requirement from 20,-000 to 15,000 for purposes of allowing a county’s participation in the Civil Traffic Infraction Hearing Officer Program. This amendment is necessary to conform the rule to the provisions of the amended statute.
1995 Amendment. Language was added to subdivision (d) to make it clear that hearing officers/magistrates can hear and rule upon motions, such as continuance motions, and otherwise handle normal motion practice in infraction cases.
1996 Amendment. Enactment of chapter 94-202, Laws of Florida, necessitated the deletion of all references in the rules to traffic “magistrates” in favor of the term traffic “hearing officers.”
Subsection (a) reflects the legislative intent of section 318.30, Florida Statutes (1994). No longer is a minimum number of cases required before a county can establish a traffic infraction hearing officer program.
Changes to subsection (m) are intended to make uniform the procedure for assignment to a county judge for hearing.
2001 Amendment. Subdivision (g) provides detailed requirements for standardized initial training of traffic hearing officers. A statewide survey of judges and traffic hearing officers was taken and the rule then amended to incorporate the current statewide practice.
*1243 Subdivision (h) was added to resolve a conflict that existed between the rules and section 318.34, Florida Statutes.
Subdivision (i) was amended to conform the rule to the current practice prohibitions for hearing officers contained in the Code of Judicial Conduct. The code reflects the consensus of the committee as to appropriate prohibitions.